**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Casey T. Carty, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the Federal Bureau of Investigation, and, as such, am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in the enforcement of criminal laws and am within a category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18, U.S.C., Sections 3052 and 3107; and DOJ regulations set forth at Title 28, C.F.R., Sections 0.85 and 60.2(a).

3. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since April 2004. I have investigated numerous cases involving violent crime, white collar crime, drug offenses and crimes against children. I have extensive experience in executing search warrants for residences and for electronic devices. I am familiar with the facts and circumstances set forth below from my personal involvement in the investigation and from my review of the investigative file, including reports of other law enforcement officers involved in the investigation.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officials and witnesses. This

affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. I have set forth only the facts that I consider necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of a violation of Title 18 USC Section 922(g) [possession of a firearm by a prohibited person], Title 18 USC Section 924(c) [use of a firearm in connection with a drug trafficking offense] and Title 21 USC Section 841(a)(1) and (b)(1)(C) [distribution of controlled substances] will be located through an examination of the Devices described herein.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6. The Devices to be searched are a black Motorola model XT2005DL smart phone bearing IMEI 358158711429138 and a black Apple iPhone model A1661 in a "Batman" phone case. The Devices are currently in the possession of the law enforcement. The Devices are described in Attachment A.

7. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

8. On March 24, 2022, Elyria Police Department (EPD) Narcotics Detectives, Ohio Adult Parole Authority (APA) Officers and I arrested Jason Delaney at the APA office in Elyria, OH when Delaney appeared at the office for a required visit. Delaney was arrested as a result of a drug investigation in which he sold fentanyl to a Confidential Informant (CI) on four occasions in the ten-day period preceding the date of his arrest. As a result of the investigation, members of the investigative team and I sought and obtained warrants authorizing searches of 2156 E 40th

St, Lorain, OH, and a 2010 Dodge Nitro – a residence and vehicle used by Delaney during the course of the investigation. The warrants were issued by the Lorain County Court of Common Pleas and granted authority to search for evidence of drug trafficking and weapons.

9. Prior to each of Delaney's sales of fentanyl to the CI, the CI placed a phone call to him to arrange the sale. These calls were made in the presence of law enforcement and were monitored and recorded. For the first buy, the CI contacted Delaney at telephone number 440-506-4951. Delaney answered and told the CI he would call him/her back from a different number. Delaney called back from 917-741-9031, and the drug sale was arranged. For each of the next two buys, the CI again contacted Delaney at 440-506-4951 to arrange the sale. For the fourth buy, the CI contacted Delaney at 917-741-9031 to arrange the sale. Based on the details of these controlled calls to Delaney, I believe Delaney made use of multiple phone lines in furtherance of his drug trafficking.

10. During the search of Delaney's residence, approximately 121 grams of a mixture of p-fluorofentanyl and fentanyl, over 27 grams of crack cocaine, $11,250 in cash (including $50 of police buy money from one of his sales to the CI), a digital scale of the type commonly used by drug traffickers, and a loaded Smith & Wesson M&P Shield 9mm semi-automatic pistol bearing serial number HXR6384 were seized.

11. At the time of his arrest, Delaney was found to be in possession of the Devices which are the subject of this affidavit and $2700 in cash. One of the Devices – the Motorola – was located in his 2010 Dodge Nitro; the iPhone was located on his person when he was taken into custody. After he was arrested, Delaney was transported to EPD where he was interviewed by my EPD partner and me. At the outset of the interview, Delaney was advised of his rights

pursuant to *Miranda*. He indicated he understood his rights and agreed to speak with us without an attorney present.

12. In summary, Delaney admitted to being a drug dealer who sold drugs to at least fourteen different drug users. Delaney outlined the prices he paid for both cocaine and fentanyl, noting that a dealer must "be buying a lot" to be able to purchase cocaine at the price he typically paid. Delaney described cooking powder cocaine into crack cocaine. Delaney identified the residence at 2156 E 40th St as his brother's residence but took ownership for the gun and drugs located there by law enforcement.

13. When pressed regarding his reason for possessing a gun, Delaney stated "I sell drugs, bro" and acknowledged that as a result, he could be targeted for robbery. Delaney denied that his DNA would be located on the gun. He claimed to have directed a female to deliver the gun to his residence, and later compensated the female for her assistance with the matter. Delaney said he did not want to get caught driving around with the gun in his car.

## CONCLUSION

14. Based on the preceding, I believe that evidence, fruits, and instrumentalities of Title 18 USC Section 922(g) [possession of a firearm by a prohibited person], Title 18 USC Section 924(c) [use of a firearm in connection with a drug trafficking offense] and Title 21 USC Section 841(a)(1) and (b)(1)(C) [distribution of controlled substances] will be located through an examination of the Devices.

Casey T. Carty
Special Agent
Federal Bureau of Investigation

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim. R. 41(d)(3) this 26th day of April, 2023.

AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE